IBÁÑEZ, PLAINTIFF AND APPELLANT, *v.* DIVIÑO, DEFENDANT· AND RESPONDENT.

APPEAL from the District Court of Mayagüez in an Action to Rescind a Contract.

No. 1245.—Decided May 25, 1915.

RESCISSION OF CONTRACT—SALE—CONSIDERATION—PERSONAL ACTION.—When the only question raised in the complaint and to be decided by the court is whether the contract of sale is null and void for lack of consideration because the consideration stated was false, and the complaint does not pray for the delivery to the plaintiff of the properties which are the subject-matter of the contract or that the same be adjudged to belong to him, the action is a personal one.

ID.—PRESCRIPTION—MINORS—CONSTRUCTION OF LAW.—Section 1833 of the Revised Civil Code, which ·went into effect in the year 1902, providing that rights and actions shall extinguish by prescription to the prejudice of all kinds of persons, including judicial persons, in the terms prescribed by law, was repealed by section 40 of the Code of Civil Procedure which took effect in the year 1904 and provides that prescription shall not run against certain persons, including minors, until their incapacity may have disappeared, except in actions to recover real property.

NULLITY OF CONTRACT — ILLICIT CONSIDERATION — DEMURRER.—When the action is not to annul a real and effective contract, although for an illicit consideration, but a simulated one, section 1273 of the Revised Civil Code, relative to contracts based on an illicit consideration which does not constitute either a crime or misdemeanor, is not applicable. In this case the demurrer to the complaint alleging lack of cause of action on the ground that the predecessor in interest of the minor plaintiff could not have brought the action, cannot be sustained.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. José Sabater* for the respondent.

MR. JUSTICE ALDREY ·delivered the opinion of the court.

The question to be decided in this appeal is whether the cause of action set up in the complaint praying for the rescission of a contract of sale of real property and for the cancellation of its record in the registry of property has prescribed.

The plaintiff, who is a minor represented by his father, alleges that he is the heir of his grandfather, José Nicanor Pecunia y Diviño, and that with the object of defrauding him of his hereditary rights, his said grandfather, on May 30, 1908, executed a public deed of sale of various urban properties in favor of his sister Apolinaria Diviño, which deed is simulated because it stated as the price or consideration that the sale of the said properties was made in payment of a debt of $11,700, equivalent to 15,000 provincial *pesos,* and interest, which the vendor owed to his sister, the vendee, the said consideration being false because the vendor never at any time owed his sister any sum whatever, but, on the contrary, had to contribute to her support.

The original complaint was filed on November 24, 1913, and after it had been amended it was demurred to on the ground that the action brought to annul the contract had prescribed, that it did not state facts sufficient to constitute a cause of action and that it was ambiguous, unintelligible and uncertain. The District Court of Mayagüez sustained the first ground of demurrer and entered judgment dismissing the complaint, from which judgment the plaintiff took the present appeal.

The appellant contends that his action had not prescribed because, being a minor, the period of prescription did not begin to run in his case until after he had attained his majority, in conformity with section 40 of the Code of Civil Procedure which repealed section 1833 of the Civil Code. The respondent and the trial court understand that said section 40 has no bearing upon this case, because as it does not refer to actions to recover real property, as is the one brought in the present case, section 1268 of the Civil Code

is applicable, which provides that actions for nullity of contracts .shall last four years only.

This is not an action to recover real property, for the complaint does not pray for the delivery to the plaintiff of the properties which are the subject-matter of the contract sought to be annulled, nor that the same be adjudged to belong to him. The only question raised in the complaint and to be decided by the court is whether the contract of sale is null and void for lack of consideration because the consideration stated was false; and as decided by this court in the cases of *Argueso* v. *Mullenhoff*, 5 P. R. R., 31 (Second Edition), and *Vázquez* v. *Vázquez*, 15 P. R. R., 84, this action is a personal one.

Having decided this question, we will now consider whether section 40 of the Code of Civil Procedure repealed section 1833 of the Civil Code.

Section 1833 of the Revised Civil Code, which went into effect in the year 1902, provides that rights and actions shall extinguish by prescription to the prejudice of all kinds of persons, including judicial persons, in the terms prescribed by law, always reserving to persons incapacitated to administer their property the right to sue their legal representatives whose negligence may have been the cause of the prescription. If this provision is still in force, the right of the plaintiff to bring an action of nullity has prescribed, regardless of the fact that he is a minor, without prejudice to his right at the proper time to sue his legal representative, who is his father, for his negligence in allowing the action to prescribe.

The Code of Civil Procedure took effect two years later and among its provisions is said section 40, according to which, in case it repealed said section 1833, plaintiff's cause of action has not prescribed, because prescription does not begin to run until he has attained his majority.

Our Code of Civil Procedure was taken from the California code, but not all of its provisions have been adopted.

Title II of the Code of Civil Procedure of California contains four chapters. The first refers to the time of beginning civil actions and contains only one section, 312, which has been substantially included in section 37 of Chapter I of Title III of our Code of Civil Procedure. Then follows Chapter II, which treats of the time of beginning actions for the recovery of real property. This is composed of sections 315 to 329, which provisions are not included in our code. Nor does Chapter III, composed of sections 335 to 349, fix the time of beginning actions other than for the recovery of real property and it has not been included in our code. But Chapter IV, which contains general provisions as to the time of beginning actions and comprises sections 350 to 363, is included in our code, corresponding, except as to section 362 which was eliminated, to sections 38 to 50 of our code, in Chapter II, under the title "General Provisions."

In view of the foregoing, we are forced to the conclusion that the Code of Civil Procedure of California regulates the period of prescription of the various actions which may be brought; that these regulations, which are contained in Chapters II and III, have not been adopted in our code, and that, therefore, the time for beginning actions, as prescribed by the Civil Code, has not been changed by the Code of Civil Procedure now in force. We must also conclude that although the provisions contained in these two chapters have been excluded, our code has adopted Chapter I, providing that civil actions can be begun only within the periods prescribed by law, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statutes, as well as Chapter IV, which contains some general provisions.

Now, if the Legislature, taking the Code of California as a basis for our Code of Procedure, suppressed some provisions of it and adopted others, it is because it desired that those adopted should govern and that all former provisions in conflict therewith should be abrogated, as is plainly shown

by section 361 which provides that all laws, royal decrees, orders, military orders, acts, or parts of acts, inconsistent or in conflict with this code, are repealed; and that section 40 of the Code of Civil Procedure is in conflict with section 1833 of the Revised Civil Code is plain at first sight.

The Civil Code provides that prescription shall run against all classes of persons and section 40 provides that it shall not run against certain persons, including minors, until their incapacity may have disappeared. Therefore, as the Code of Civil Procedure was adopted after the Civil Code and is inconsistent therewith on this point, we must hold that its section 40 repealed section 1833 of the substantive law and that the action brought by the plaintiff has not prescribed. We may mention incidentally that we held likewise in the case of *Pérez* v. *Guánica Centrale,* 17 P. R. R., 927.

The respondent also contends that the complaint does not state facts sufficient to constitute a cause of action because the predecessor in interest of the minor plaintiff could not have brought the action if he had lived, and that this incapacity on the part of the predecessor descends to his successor in interest, the ground of this contention being that according to section 1273 of the Civil Code, when both contracting parties are guilty and the illicit consideration does not constitute either a crime or a misdemeanor, neither of them can set up a claim against the other.

In view of the facts which we have transcribed substantially from the complaint, there is no doubt that the basis of the action for annulment brought in this case is that the contract entered into by José Nicanor Pecunia Diviño was simulated; that is, that it was entered into without a valid consideration with the object of injuring the plaintiff, and as the predecessor in interest of the minor could have brought such action inasmuch as it is not one for the annulment of a real and effective contract, although for an illicit consideration, but to rescind a simulated contract, section 1273 of the Revised Civil Code relative to contracts based on an

illicit consideration which does not constitute either a crime or misdemeanor, is not applicable to the present case. Judgment of the Supreme Court of Spain of June 26, 1903. Therefore, the plaintiff has a cause of action for a decree of nullity and the demurrer of the defendant on that ground cannot be sustained.

We have also considered the allegation that the complaint is ambiguous, unintelligible and uncertain, and do not find the same to be tenable.

For the foregoing reasons the judgment appealed from should be reversed and the case remanded for further proceedings in the ordinary course.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.